No. 81-407

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

DALE P. HART,

Plaintiff and Appellant,

vs.

NEW PARK HOTEL, INC.,

Defendant and Respondent.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable Douglas Harkin, Judge presiding.

Counsel of Record:

For Appellant:

Terry A. Wallace, Missoula, Montana

For Respondent:

Morales, Volinkaty and Harr, Missoula, Montana

Submitted on briefs: November 18, 1981

Decided: JAN 7 - 1982

Filed: JAN 7 - 1982

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order entered in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula. Honorable Douglas Harkin issued an order on June 16, 1981, requiring the plaintiff and his attorney to pay a sum certain as a sanction and to pay attorney fees incurred by the defendant. The plaintiff appeals from that order.

This action initially arose when a complaint was filed in Missoula County on November 14, 1978. The action sought to compel specific performance of a purported agreement to sell the Park Hotel which included hotel building, land and liquor license. The case continued to be litigated throughout 1979 until a notice of entry of judgment was served on the parties in May 1980. The plaintiff, however, waited until July 7, 1980, to file a motion for substitution of judge for the Honorable Jack L. Green under section 3-1-801(4), MCA. The defendant, Park Hotel, objected to this motion and sought relief in the District Court, the Honorable Robert Holter presiding.

Judge Holter found that the plaintiff's only purpose behind the purported disqualification of Judge Green was to "hinder, delay and cloud the issues." The plaintiff was ordered to pay attorney fees of $2,462.50 to the defendant and was fined $1,000 for hindering and delaying the proceedings.

The matter came before the attention of this Court when the plaintiff appealed the order of Judge Holter. This Court issued an order on April 21, 1981, which: affirmed the findings of fact and conclusions of law of Judge Holter;

-2-

determined that the attempted disqualification of Judge Green in District Court Cause No. 49061 was without merit, untimely and for the purpose of hindering and delaying Cause No. 49061; ordered that a sanction be imposed against Dale P. Hart and his attorney jointly and severally, consisting of a $500 fine to be paid to Missoula County within thirty days; and ordered the District Court to proceed to final hearing of Cause No. 49061 without delay.

On June 1, 1981, plaintiff and his attorney filed in this Court a motion for reconsideration of the April 21, 1981, order. This Court denied the motion for reconsideration on August 21, 1981, and ordered that the stay in the proceedings of Cause No. 49061 be vacated, denied relator's request for a prehearing conference, and denied relator's request for bifurcation of the proceedings. The matter was then returned to the District Court in Missoula County where Judge Harkin had entered the order which provided in pertinent part:

> "It is hereby ordered that Plaintiff Dale P. Hart and his attorney, Terry A. Wallace, jointly and severally, are ordered to pay the sum of $500.00 ordered paid by the Supreme Court as a sanction, no later than 5:00 o'clock P.M. Friday, June 19, 1981.
>
> "It is further ordered that Plaintiff Dale P. Hart and his attorney Terry A. Wallace, jointly and severally, pay reasonable attorney's fees incurred by Defendant as Relator in the Supreme Court matter in the sum of $2,460.50 on or before July 10, 1981."

We find that the order of the District Court was proper and in conformance with our initial order issued on April 21, 1981. This case has been before this Court on two previous occasions; we will not reconsider the issues for a third time.

-3-

The appeal is hereby dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

    I dissent. I disagreed with the original decision ordering that attorney Wallace and his client pay $500 to be paid as a fine, and I do so again today.

_____
Justice